Robert Lee JOHNSON, Petitioner—Appellant,

v.

Larry WITEK, Warden, Respondent—Appellee.

No. 99–57008.

D.C. No. CV–99–08725–DT(E).

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2001.

Decided Sept. 21, 2001.

---

Before B. FLETCHER, T.G. NELSON, and BERZON, Circuit Judges.

## MEMORANDUM *

Robert Lee Johnson appeals the district court's denial of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. Because the parties are familiar with the facts, we do not repeat them here. We reverse and remand.

The district court concluded that two of Johnson's claims were unexhausted, because he failed to allege the "operative facts" that (1) trial counsel failed to inform the court of his conflict of interest and (2) trial counsel failed to argue in his closing that Jamie Holmes had an ownership interest in the vehicle where the gun was found.

1. Johnson fairly presented to the state court the argument that his trial counsel failed to advise the court that he had a conflict of interest. He specifically raised the issue in his petition for review to the California Supreme Court, noting that "an attorney who seeks to continue as conflicted counsel has an obligation to alert the court to the existence of a conflict," and citing *Holloway v. Arkansas*, 435 U.S. 475, 485–86, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), for that proposition.

Johnson also sufficiently presented to the state courts his argument that trial counsel was ineffective because he did not develop or argue facts showing that Holmes had an ownership interest in the vehicle. Such an argument would have suggested that the gun could have been in the vehicle without Johnson's knowledge. The state petition for review contended that counsel should have established at trial that Holmes had control over the weapon and the vehicle within which the weapon was found and pointed to facts that could have been presented in support of that contention, including the fact that the car was partly owned by Holmes and registered in her name.

The contention is made that counsel's failure to argue these critical facts to the jury in closing argument is a new claim. Not so. It is part and parcel of the ineffective assistance of counsel claim that counsel failed to establish Holmes' connection to the weapon and the vehicle because of his conflicted position. *See Duncan v. Henry*, 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995).

2. To the extent that there are any discrepancies between the allegations in Johnson's federal habeas petition and in his petitions for review and habeas corpus to the California Supreme Court, they do

---

* This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

not render Johnson's claims unexhausted. "[N]ew factual allegations do not render a claim unexhausted unless they 'fundamentally alter the legal claim already considered by the state courts.'" *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986)).

Throughout his state and federal post-conviction proceedings, Johnson "has consistently pressed," *see id.*, at 364, the same claims: that he received ineffective assistance of counsel due to a conflict of interest; that the conflict of interest caused Johnson's counsel not to call Holmes or Johnson to testify; and that their testimony may have provided exculpatory evidence on the possession element of the felon in possession charge. Trial counsel's failure to inform the court of his conflict does not constitute a separate claim of ineffective assistance of counsel, and is not argued as such in petitioner's federal petition. Instead, failure to inform the court, mentioned in passing in the federal petition, could bolster the credibility of the assertion that Johnson was not adequately informed of the conflict of interest, but only in this corroborative way is failure to inform the court pertinent to the ineffectiveness-because-of-conflict claim.

Similarly, the additional fact that Holmes had an ownership interest in the vehicle bolsters Johnson's contention that he was not in possession of the gun found in the vehicle, but does not affect the substance of the claim that trial counsel's conflict, caused by his concurrent representation of Holmes, prevented trial counsel from effectively arguing the possessory interest issue. The substance of the claimed violation was counsel's failure to call either Johnson or Holmes to testify. Only by doing so could he have presented evidence regarding possession of the vehi-cle and then argued in closing that Holmes, not Johnson, was in possession of the gun.

■ 3. Although the district court decision identified only two unexhausted claims, the state argues that the subclaim regarding deprivation of Johnson's right to personally participate in his own defense was also unexhausted and thus warrants a denial of the petition. However, Johnson presented an argument regarding this specific subclaim to the California Supreme Court both in his petition for review and in his habeas petition. In language almost identical to the district court petition, the petition for review stated:

> However, it is clear from context what petitioner's testimony would have been. Petitioner would have testified that the gun was not his, that petitioner did not know the gun was underneath the back seat. Here, it may be inferred that [counsel] advised petitioner not to testify because petitioner's testimony would have been adverse to his other client, Ms. Holmes.

We conclude that Johnson fairly presented the substance of his federal claims to the state courts, and thus properly exhausted all of his claims within the meaning of section 2254(b)(1). Accordingly, we REVERSE the district court's dismissal of the petition and REMAND for consideration on the merits.